UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00028-FDW-DSC

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD UNDERWRITERS INSURANCE COMPANY., <br><br>  Plaintiffs, <br><br> vs. <br><br> BLYTHE DEVELOPMENT COMPANY, GREAT AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, FCCI INSURANCE COMPANY, AND QBE INSURANCE CORPORATION, | ORDER |

        Defendants/Counterclaimants.      )
                                                               )

THIS MATTER is before the Court upon Defendant's, Blythe Development Company ("Blythe"), Motion to Realign the Parties pursuant to Federal Rules of Civil Procedure 7(b). (Doc. No. 109). For the reasons stated herein, Blythe's Motion to Realign the Parties is GRANTED in part and DENIED in part, and the parties shall be realigned in accordance with this order.

## BACKGROUND

In 2004, Blythe was subcontracted to design and build four retaining walls for North Lake Mall in Charlotte, NC. (Doc. No. 1, ¶¶30-31). Issues were discovered with a retaining wall, and after a settlement between North Lake Mall's owners and the general contractor, Blythe was again contracted to make repairs. (Doc. No. 1, ¶34; Doc. No. 37, ¶¶26-32). Subsequently, the general contractor filed suit against Blythe on August 30, 2011, and, after agreeing to arbitration, an arbitrator awarded $4,800,000.00 against Blythe. (Doc. No. 1, ¶¶35, 39; Doc. No. 37, ¶48). Blythe sought coverage from its insurers for the award and the insurers denied coverage. (Doc. No. 37, ¶¶49-55).

Hartford Casualty Insurance Company and Hartford Underwriters Insurance Company ("Hartford") filed the present declaratory judgment action in this Court against Blythe and several other insurance companies seeking a declaration that Hartford's policies do not afford coverage for the arbitration award. (Doc. No. 1). The other insurance companies also assert that coverage does not exist, either for similar reasons to Hartford or for reasons specific to their policies. (Doc. Nos. 19, 27, 32, 35, 37, and 40). Subsequently, Blythe brought this Motion to realign Hartford with the other insurance companies.

## ANALYSIS

The Court should align the parties "according to their sides in the dispute." United States Fid. & Guar. Co. v. A&S Mfg. Co., 48 F.3d 131, 134 (4th Cir. 1995). Blythe contends that the insurers should all be aligned because the insurers' principal purpose is the same: denying indemnity to Blythe for the arbitration award. "The Fourth Circuit has adopted the two-step principal purpose test to assess the proper alignment of parties." Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am., 1:13CV882, 2014 WL 842983 (M.D.N.C. Mar. 4, 2014) (citing Palisades Collections LLC v. Shorts, 552 F.3d 327, 337 (4th Cir. 2008)). The principal purpose test requires the Court to evaluate the primary reason the plaintiff filed the suit, then align the parties accordingly. Id. The determining factor for realignment is the primary issue between all the parties, and not that all the parties to be realigned are without issues between them. Id. (citing Marsh v. Cincinnati Ins. Co., No. 4:08CV2441–RBH, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008) (unpublished)).

Here, Hartford, Great American Insurance Company, Zurich American Insurance Company, American Guarantee and Liability Insurance Company, The North River Insurance Company, FCCI Insurance Company, and QBE Insurance Corporation (collectively "insurers"), all seek to avoid indemnifying Blythe, and are therefore aligned in their principal purpose. Tellingly, only FCCI and QBE (co-defendants) voiced opposition to the Motion, with Hartford and the other insurers specifically agreeing to a realignment. (Doc. No. 114, ¶2). All the insurers, albeit for different reasons, assert that their respective policies do not cover the alleged loss in question. As such, the insurers are aligned in their principal purpose.

Accordingly, the Court will realign all the insurers as Plaintiffs with Hartford, and Blythe as the sole Defendant. The Court will make a determination as to the order of trial after motions for summary judgment are submitted and decided.

The Court declines to address the remaining issues argued by QBE and FCCI in the memoranda in opposition regarding governing law and burden of proof, respectively. The parties may reassert these arguments following summary judgment.

## CONCLUSION

For the foregoing reasons, Blythe's Motion to Realign the Parties (Doc. No. 109) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Signed: September 18, 2014

Frank D. Whitney
Chief United States District Judge